IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALBEN D. PRIMUS,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>CR ENGLAND,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND FINDING MOOT PLAINTIFF'S MOTIONS TO CONTINUE TRIAL AND FOR EXTENSION OF TIME<br><br><br><br>Case No. 2:05-CV-920 TS |

    This matter is before the Court on Defendant's Motion for Summary Judgment,[1] Plaintiff's Motion to Continue Trial,[2] and Plaintiff's Motion for Extension of Time.[3] Having considered the pleadings, the file, and being otherwise fully informed, the Court will grant Defendant's Motion for Summary Judgment, and will find moot Plaintiff's Motions to continue trial and for extension of time, as set forth more fully below.

---

[1] Docket No. 27.

[2] Docket No. 44.

[3] Docket No. 45.

1

DISCUSSION

Because Plaintiff is proceeding *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[4]

I. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

    A. Claims Properly Before the Court.

Plaintiff's Complaint raises numerous issues,[5] although they are not all clearly alleged. In the Court's December 6, 2005 Order on Pending Motions and Dismissing Claims Against Defendant Celadon,[6] as part of its screening process under 28 U.S.C. § 1915, the Court narrowed down the issues which had been sufficiently pleaded to warrant official service of process. The only claim which was authorized to proceed in this case was for retaliation.[7] That same day, the Court issued an Order Granting Motion for Service of Process, wherein it authorized official service "as to the retaliation claim against CR England, but [not] as to the discrimination claim."[8]

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] Plaintiff makes reference to racial discrimination, retaliation, conspiring to commit forgery, wrongful termination, abandonment, and falsifying employment records/legal documents.

[6] Docket No. 10.

[7] Plaintiff's claims arising under racial discrimination were found to be untimely.

[8] Docket No. 11, at 1.

On October 24, 2006, Chief Magistrate Judge Alba issued a docket text order[9] granting Plaintiff's Motion to Amend[10] his Complaint, amending Plaintiff's charge of slander to one for defamation of character. Although Plaintiff references "slander" on the twelfth page of his Complaint, the Court did not in its December 6, 2005 Order, nor does it now, find that claim sufficient to warrant service of process. Service of process was not authorized for that claim and, even amended to include a defamation of character claim, this cause of action is not properly before the Court. The Court here finds that, even if it were to consider Plaintiff's claim of defamation on the merits, summary judgment must issue in favor of Defendant, for the same reasons stated in the Court's screening order.[11]

Therefore, despite the fact that Defendant spends a great deal of time and attention in its pleading on the racial discrimination claim, the only claim properly before the Court is for retaliation, which the Court will address below.

    B.    <u>Summary Judgment Standard</u>.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] In reviewing the record, the Court views the evidence and draws any inferences therefrom

---

[9] Docket No. 39.

[10] Docket No. 20.

[11] Docket No. 10.

[12] Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

in the light most favorable to the party opposing summary judgment.[13]  The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[14]  Accepting all of the facts in the light most favorable to Plaintiff as the non-moving party, the Court finds as follows.

    C.    <u>Retaliation</u>.

        1.    <u>Elements</u>.

The Tenth Circuit has established that "[i]n order to state a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) [he] was engaged in protected opposition to discrimination; (2) [he] suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the employment action."[15]  If a plaintiff "establishes [his] *prima facie* case, the burden shifts to the employer to offer a facially legitimate rationale for the adverse action.  The burden then shifts back to the plaintiff to show the employer's action is pretext."[16]

---

[13] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[14] *Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

[15] *Miller v. Auto Club*, 420 F.3d 1098 F.3d 1098, 119-20 (10th Cir. 2005) (internal citations omitted).

[16] *Id.*

2.      Analysis.

Because Plaintiff alleges he complained of racial discrimination, Defendant concedes that Plaintiff engaged in protected opposition to discrimination.[17] Therefore, the Court considers the first prong of the analysis to be met.

Regarding the second prong, the Court disagrees with Defendant's conclusion that the alleged adverse employment action is that Defendant gave a negative job reference.[18] Although it is not entirely clear, a review of Plaintiff's Complaint and his opposition to the instant Motion appears to allege that potential adverse employment actions include that he was given a random alcohol test,[19] and that he was not paid while he was out on the road in training.[20] Defendant does not address these claims. In any event, viewing the evidence in the light most favorable to the Plaintiff, the Court cannot find, as a matter of law, that no adverse employment action occurred.

Plaintiff has simply failed to meet his burden, as a matter of law, to show that there existed a causal connection between the protected activity and the adverse employment connection. The only evidence before the Court is that Plaintiff perceived that a white man cutting in line in front of him was a racial slight, he complained of it to Kimberly Cage, and then was given a "suspicious" random alcohol test and was denied training pay (which he later says he was paid).[21]

---

[17] Docket No. 28, at 10.

[18] The negative job reference in the Complaint falls under Plaintiff's heading "Count 3 - Slander."

[19] Docket No. 3, at 10-11; Docket No. 37, at 3.

[20] Docket No. 3, at 9; Docket No. 37, at 5.

[21] Docket No. 37, at 5.

However, even if the Court were to find that Plaintiff had met his *prima facie* burden, under the burden-shifting analysis, Defendant's proferred rational had not been shown to be pretextual. Indeed, Defendant has asserted (and Plaintiff has not contested) that the random alcohol test was a routine practice at their company, and Plaintiff himself has admitted that he was later compensated "some of my training pay."[22]

In conclusion, the Court finds, as a matter of law, and viewing the evidence in the light most favorable to Plaintiff, that he has failed to make out his *prima facie* case for retaliation. In the alternative, even employing the burden-shifting analysis set forth above, Defendant had a facially legitimate rationale for taking the actions that it did, and Plaintiff has offered no evidence to show that such rationale was pretextual. Therefore, the Court will grant Defendant's Motion for Summary Judgment and dismiss this case.

II.  PLAINTIFF'S MOTIONS.

   A.  Plaintiff's Motion to Continue Trial.

As noted, on January 8, 2007, Plaintiff filed a Motion to Continue Trial, and a Motion for Extension of Time. The Court notes that it entered an Order on January 3, 2007, continuing the trial until March 5, 2007. Therefore, the Motion is moot.

   B.  Plaintiff's Motion for Extension of Time.

Also on January 8, 2007, Plaintiff filed a Motion for Extension of Time, which was styled as "Motion to Move Disclosures Date." However, given the Court's ruling as a matter of law above, Plaintiff's Motion is moot.

---

[22] *Id.*

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant C.R. England's Motion for Summary Judgment (Docket No. 27) is GRANTED, and judgment shall be granted in favor of Defendant on all claims. It is further

ORDERED that Plaintiff's Motion to Continue Trial (Docket No. 44) is DENIED AS MOOT. It is further

ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 45) is DENIED AS MOOT. It is further

ORDERED that the March 5, 2007, trial date in this case is VACATED.

The Clerk of Court is directed to close this case forthwith.

DATED  January 11, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge